**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br>     Plaintiff, <br>   v. <br> **DERON MATUKOL WILLIAMS**, <br>     Defendant. | Case No.: 12-CR-600 YGR <br><br> **ORDER GRANTING REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)** <br><br> DKT. NO. 52 |

Defendant Deron Williams is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the federal correctional institution ("FCI") in Victorville, California. Williams moves for an order reducing his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A). The Court has jurisdiction to grant such relief[1] and, having carefully considered the papers and evidence submitted in support of and in opposition to the motion, the Court **GRANTS** the motion on the terms as set forth herein.

On August 2, 2012, Williams was charged in a 10-count indictment for bank robbery and armed bank robbery. (Dkt. No. 3.) The charges stemmed from 10 bank robberies Williams committed in the Bay Area between October 2011 and March 2012. *Id*. On July 11, 2013, this Court sentenced Williams to 135 months in prison and five years of supervised release after he entered a guilty plea to one count of bank robbery and nine counts of armed bank robbery. Williams has been in federal custody since that date of his sentencing, and his current anticipated release date is March 19, 2022.

Williams requests the Court reduce his sentence to time served with the balance of the period of his original sentence imposed as a period of supervised release with home confinement and such other conditions as the Court deems just. The Government opposes the motion.

---

[1] The Government concedes that the Court has jurisdiction given that 30 days has elapsed since he attempted to submit an official request to the warden at FCI Victorville.

**I.   APPLICABLE STANDARD**

Pursuant to the amendments enacted by the First Step Act of 2018 ("FSA"), section 3582(c)(1)(A) permits a defendant to move for modification of a term of imprisonment after either: (1) the defendant has fully exhausted administrative rights to appeal a failure of the BOP to bring a motion for sentence reduction on the defendant's behalf, or (2) "the lapse of 30 days from the receipt of such a request by the warden of defendant's facility, whichever is earlier." On such a motion, the court:

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction….

Section 3582 directs the Court to consider the factors in 18 U.S.C. section 3553(a), consistent with applicable policy statements of the United States Sentencing Commission. The relevant United States Sentencing Guidelines states that "extraordinary and compelling reasons" include: (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. USSG § 1B1.13, Application Note 1(A). The Guidelines also require that the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2).[2]

The defendant bears the initial burden to put forward evidence establishing extraordinary and compelling reasons warranting a sentence reduction. *United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

---

[2] The current Guidelines were promulgated prior to the enactment of the FSA. The continued applicability of those Guidelines post-FSA is a subject of conflicting authorities. *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) ("This court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements [after the enactment of the FSA], courts 'can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant' compassionate release." (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). The Court need not decide the issue since it finds consideration of the factors stated in the existing Guidelines useful in its exercise of discretion herein.

## II. DISCUSSION

Williams argues for a modification of his sentence to time served with the balance of the original sentence ordered as supervised release with home confinement. Williams contends extraordinary and compelling reasons exist because his medical conditions— chronic kidney disease, hyperlipidemia, and hypothyroidism—put him at greater risk for severe illness from COVID-19.[3]

The Government concedes that, given recent guidance from the Centers for Disease Control and Prevention ("CDC"), Williams's chronic kidney disease increases his risk of severe illness if he were to contract COVID-19. The Government argues, however, that the motion should be denied because Williams remains a danger to the community.

The Court has considered whether Williams' release would pose a danger to the safety of the community, as well as the sentencing factors set forth in section 3553(a) and Williams' plan for release. The Court has reviewed its file in this matter thoroughly, including U.S. Probation Office's 2013 presentencing report, Probation's recent review of the proposed location for release and home confinement, and the records submitted concerning Williams' incarceration from the BOP.

Defendant has served over eight years of his sentence and will be eligible for placement in a half-way house in six to nine months, or first quarter of 2021. He has engaged in vocational and educational programming while incarcerated. With the support of his family, Williams has a plan in place for stable housing and a source of employment and income that will allow him to maintain social distancing to protect his and others' health. These factors weigh in favor of granting Williams' motion for compassionate release.

Thus, the Court finds that Williams has established extraordinary and compelling reasons to modify his sentence. The Court **GRANTS** the motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a) and **ORDERS** as follows:

---

[3] As of July 5, 2020, FCI Victorville Medium II is listed as having 8 inmates with positive COVID tests out of 221 completed tests, with another 283 tests pending, out of a total 1,216 inmates. (*See* www.bop.gov/coronavirus/ and www.bop.gov/locations/institutions/vvm/, *last visited July 5, 2020*.)

3

1. Williams' sentence of imprisonment is modified to time served and he is ordered to be released on Tuesday, July 7, 2020 to his mother Debra Ann Reese. The Court directs the Bureau of Prisons ("BOP") to commence immediately the process of releasing Williams from custody, and the United States Attorney's Office and United States Probation Office are directed to take all steps communicate and facilitate Williams' immediate release.

2. The remaining portion of the original term of imprisonment shall be served as supervised release with the special condition that Williams shall be subject to home confinement through March 31, 2021.

    a. following his release, Williams shall be transported directly to the Kelseyville, California residence owned by his mother, Debra Ann Reese;

    b. commencing at the time of his arrival at the Kelseyville residence, Williams must self-quarantine at the residence for a period of fourteen (14) days;

    c. within 72 hours of release from custody, Williams shall contact the U.S. Probation office to begin the reentry process.

3. During the period of home confinement Mr. Williams shall be subject to the following conditions:

    a. He shall be placed on home confinement subject to the location monitoring program as directed by the probation officer through March 31, 2021 and be monitored by location monitoring technology at the discretion of the U.S. Probation Office. Location monitoring shall be utilized to verify Williams' compliance with home detention while on the program. Location monitoring fees are waived.

    b. He shall remain at the Kelseyville residence at all times except for employment; education; religious services; medical appointments; substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other approved activities, **all of which** must be approved in advance by the U.S. Probation Office.

    c. He shall comply with the conditions of release and supervision set forth in the Judgment. (Dkt. No. 39.)

4

4. Following the completion of home confinement, Mr. Williams shall then complete a three-year term of supervised release as to Count One and concurrent five-year term of supervised release as to all remaining counts. During this time, he shall comply with the conditions of release and supervision set forth in the Judgment. (Dkt. No. 39.)

5. The Government shall serve a copy of this order on the Warden at FCI Victorville forthwith.

**IT IS SO ORDERED**.

Date: July 6, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**